```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| BARRY TOMPKINS,           ) | |
|                          ) | |
|     Plaintiff,           ) | |
|                          ) | |
| vs.                      ) | No. 2:09-cv-02073-JPM-dkv |
|                          ) | |
| FEDERAL EXPRESS CORP.,   ) | |
|                          ) | |
|     Defendant.           ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Federal Express Corp.'s Motion for Summary Judgment (Docket Entry ("D.E.") 25), filed October 7, 2009. Plaintiff responded in opposition on November 9, 2009. (D.E. 27.) Defendant filed its reply with leave of Court on November 17, 2009. (D.E. 30.) For the following reasons, Defendant's motion is GRANTED.

**I. Background**

This matter arises out of Plaintiff's employment with Defendant. Plaintiff signed an Employment Agreement in connection with his application to work for Defendant on March 26, 1996. (See Def.'s Mot. for Summ. J. (D.E. 25) Ex 1, Pl.'s Answers to Def.'s First Set of Reqs. for Admis. ("Pl.'s Answers") 2, 9-10.) The Employment Agreement contained a clause stating, "To the extent the law allows an employee to

1

bring legal action against [Defendant], [Plaintiff] agree[s] to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first." (Id. at 10.)  On April 1, 1996 Plaintiff accepted a job offer with Defendant. (Id. at 18-19.)  Plaintiff subsequently received an offer of promotion, and on August 15, 2000 signed an acceptance letter that expressly incorporated by reference his employment application. (Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Resp.") Ex. 4.)  On November 9, 2007 Defendant terminated Plaintiff's employment, citing violations of a computer use policy. (Pl.'s Answers 20.)  Plaintiff appealed his termination through Defendant's internal review process. (Pl.'s Resp. Ex. 2, Aff. of Barry Tompkins ("Tompkins Aff.") ¶¶ 11-12.)  This process lasted "over two months," but the termination decision was not reversed. (See id.)

On November 7, 2008 Plaintiff filed a complaint in the Chancery Court of Shelby County, Tennessee, which Defendant removed to this Court on February 12, 2009. (See generally Notice of Removal (D.E. 1) 1.)  Plaintiff's complaint asserted a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq. ("USERRA"), and claims for retaliation and age discrimination under the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101

2

et seq. ("THRA").  Plaintiff voluntarily dismissed his THRA retaliation claim with prejudice, and the Court dismissed with prejudice his USERRA claim.  (Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss and Allowing Limited Disc. 1-2.) Defendant now moves for summary judgment on Plaintiff's THRA age discrimination claim.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). However, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'" Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

As noted above, Plaintiff was terminated on November 9, 2007, and initiated this suit on November 7, 2008. Defendant argues that it is entitled to summary judgment because Plaintiff failed to bring this action within the six-month contractual limitations period. Plaintiff does not deny that he filed this suit nearly a year after his termination, but makes a series of

4

arguments against the enforceability and application of the contractual limitations period. The Court will address each of Plaintiff's arguments in turn.

### A. Reasonableness of the Six-Month Limitation Period

A contractual limitations period must be reasonable in order to restrict a statutory limitations period. Myers v. W.-S. Life Ins. Co., 849 F.2d 259, 262 (6th Cir. 1988). A six-month limitations period is not inherently unreasonable. Id.; see also Badgett v. Federal Express Corp., 378 F. Supp. 2d 613, 626 (M.D.N.C. 2005) (finding a six-month contractual limitations period reasonable). The Court finds that the limitations period is reasonable under the circumstances of this case because six months was enough time for Plaintiff to learn of his discharge, investigate the circumstances of that event, and file a complaint. See Badgett, 378 F. Supp. 2d at 626.

### B. Lack of Awareness of the Contractual Limitations Period

Plaintiff argues that the six-month limitations period should be replaced with a one-year period because he did not remember that he had agreed to the shorter time limit.[1] The Court rejects this argument because Plaintiff has offered no support for the assertion that an employer must remind an

---

[1] Plaintiff's brief also makes the contradictory argument that he did not understand the limitations provision. This contention does not overcome Defendant's motion for summary judgment. See Nix v. O'Malley, 160 F.3d 343, 347 (6th Cir. 1998) (unsworn allegations in a brief are insufficient to create a factual dispute on a motion for summary judgment).

5

employee of the employee's contractual obligations.  "It is not [a court's] job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief."  Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009); see also Keylon v. City of Albuquerque, 535 F.3d 1210, 1217 n.2 (10th Cir. 2008) (same); Corley v. Rosewood Care Ctr., Inc. of Peoria, 388 F.3d 990, 1006-07 (7th Cir. 2004) (same).

### C. Economic Duress

Plaintiff argues that the contractual limitations provision is unenforceable because he was under economic duress when he agreed to it.[2]  Economic duress is "the imposition, oppression, undue influence, or the taking of undue advantage of the business or financial stress or extreme necessities or weakness of another."  Crocker v. Schneider, 683 S.W.2d 335, 338 (Tenn. Ct. App. 1984).  "The pressure of financial circumstances is insufficient to establish economic duress which will allow a party to avoid an agreement when the other party to the agreement is not responsible for the financial circumstances of the party."  Moman v. Walden, 719 S.W.2d 531, 534 (Tenn. Ct. App. 1986).  Plaintiff argues that he was under duress because

---

[2] Although Plaintiff styles this argument with regard to unconscionability, the substance of his argument is made in terms of economic duress.  To the extent that Plaintiff argues that the limitations provision is unconscionable, the Court rejects this argument for the same reasons that the Court finds the limitations provision not unreasonable.

he had no other opportunities for employment when he signed the Employment Agreement, but Plaintiff has alleged no facts suggesting that Defendant was responsible for these circumstances.  Plaintiff's duress argument fails.  See id.

### D. Illusoriness of the Contract

"A promise is illusory when it fails to bind the promisor, who retains the option of not performing; an illusory promise is not consideration for a return promise, and so cannot be the basis for finding a contract."  German v. Ford, 300 S.W.3d 692, 704 (Tenn. Ct. App. 2009) (citation omitted).  Plaintiff agreed to the terms of the Employment Agreement in exchange for employment with Defendant.  (See Pl.'s Answers 9-10.)  He appears to argue that the Employment Agreement is an illusory contract because he signed the contract prior to receiving and accepting an offer to work for Defendant.  It is true, as Plaintiff contends, that Defendant would not be bound by the Employment Agreement if it did not hire Plaintiff, but Plaintiff would not be bound under those circumstances either.  This does not make the contract illusory once the parties entered into the employment relationship.  The Court rejects Plaintiff's argument.

### E. Subsequent Agreement

Plaintiff contends that the Employment Agreement containing the six-month limitation was superseded when Plaintiff accepted

7

a promotion on August 15, 2000. "A contract may be . . . abrogated by a new contract . . . ." Robert J. Young Co. v. Nashville Hockey Club Ltd. P'ship, No. M2006-2511-COA-R3-CV, 2008 WL 820488, at *5 (Tenn. Ct. App. March 26, 2008) (quoting 17B C.J.S. Contracts § 434). "However, making subsequent contracts that deal with the same subject matter as the earlier contracts does not abrogate the previous instruments unless the subsequent contract either explicitly rescinds the earlier instruments or deals with the subject matter of those instruments so comprehensively as to be complete within itself," or the two agreements are so inconsistent that they cannot be reconciled. Id. (quoting 17B C.J.S. Contracts §§ 434, 435).

The 2000 acceptance letter does not explicitly rescind the Employment Agreement. (See Pl.'s Resp. Ex. 4.) Nor does it deal with the terms of Plaintiff's employment so comprehensively that it implicitly rescinds the Employment Agreement, or create an irreconcilable inconsistency with the earlier contract. (See id.) Plaintiff's argument fails.

### F. The Impact of the Internal Appeals Process on the Limitations Period

Plaintiff appears to argue either that the limitations period should not have begun to run until he completed the internal appeals process, or that the limitations period should be tolled for the period in which he engaged in that process.

8

Even if the Court were to adopt one or both of Plaintiff's positions, it would not change the result in this case. Plaintiff averred that the appeals process lasted "over two months." (Tompkins Aff. ¶ 12.)  Drawing all reasonable inferences in Plaintiff's favor, the Court will assume for purposes of decision that the process lasted no more than three months.  Plaintiff's complaint was untimely by six months.  A three-month extension of the limitations period would not render his suit timely filed.  The Court rejects Plaintiff's arguments.[3]

### G. The Impact of Plaintiff's Alleged Discovery of Discrimination on the Limitations Period

Plaintiff also seems to argue either that the limitations period should not have begun to run or should have been tolled until he discovered that discrimination played a role in his termination.  The Court rejects both contentions.  First, the limitations period began to run when Plaintiff discovered that he was terminated, not when he allegedly discovered that discrimination played a role in that termination.  See Amini v. Oberlin Coll., 259 F.3d 493, 499-500 (6th Cir. 2001).  Second, this is not a case for equitable tolling.  That relief may be granted "only sparingly," id. at 500, and Plaintiff has made

---

[3] To the extent that Plaintiff is arguing that the six-month period is unreasonable because of the presence of the internal appeals process, the Court rejects this argument because Plaintiff has not shown how the process hampered his ability to investigate the circumstances of his termination and prepare to file suit after the process was completed.

9

little discernible attempt to address the factors that guide the equitable tolling inquiry.  See Yeomalakis, 562 F.3d at 61.

## IV. Conclusion

The six-month limitations provision to which Plaintiff agreed is enforceable.  Plaintiff did not timely file this suit.  Defendant's Motion for Summary Judgment is GRANTED.  Plaintiff's THRA age discrimination claim is DISMISSED with prejudice.

IT IS SO ORDERED this 30th day of April, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE